UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW BLACKMUN,

    Plaintiff,                     Hon. Janet T. Neff

v.                                      Case No. 1:16-CV-374

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter on April 12, 2016, against the "State of Michigan Attorney General Office and All Municipal Corporations." (ECF No. 1). As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this review, the undersigned recommends that Plaintiff's claims be dismissed for failure to state a claim.

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

A claim or action is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this context, frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

## ANALYSIS

Plaintiff states that he is asserting the present action "on behalf of all homeless person in Lansing, MI and Kalamazoo, MI, for natural persons copyright patent." (ECF No. 1 at PageID.1). Plaintiff asserts that the City of Lansing and the State of Michigan "denied to my clients the right to confrontation." (ECF No. 1 at PageID.1). Plaintiff further alleges that "they have intimidat[ed] my clients by impeding their own housing contract." (ECF No. 1 at PageID.2). Plaintiff also requests a "direct verdict for the movie Pirate of Carbieen (sic), by patent violations." (ECF No. 1 at PageID.2). Plaintiff also claims that some unknown individual(s) have refused "to gather and collect evidence, by pictures to p[re]sent on the behalf of clients." (ECF No. 1 at PageID.3).

To the extent that Plaintiff seeks to represent individuals other than himself, such claims must be dismissed because Plaintiff, who is not a licensed attorney, is not permitted to represent others in a legal action such as this. *See, e.g., Heldt v. Nicholson*, 2000 WL 1176879 at *1 (6th Cir., Aug. 10, 2000) ("[t]hat a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law"). To the extent Plaintiff's complaint is interpreted as asserting claims on his own behalf, such must be dismissed because Plaintiff has failed to allege any *facts* which, if accepted as true, would entitle him to relief. Instead, Plaintiff asserts nothing more than legal conclusions which are insufficient to maintain an action.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this

matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                          Respectfully submitted,

Date: April 25, 2016                                 /s/ Ellen S. Carmody
                                                                       ELLEN S. CARMODY
                                                                       United States Magistrate Judge